IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ZACHERY SORAH, *et al.,*

    Plaintiffs,

v.

TIPP CITY EXEMPTED VILLAGE
SCHOOL DISTRICT BOARD OF
EDUCATION, *et al.,*

    Defendants.

:

:

:

:

Case No. 3:19-cv-120

JUDGE WALTER H. RICE

---

DECISION AND ENTRY SUSTAINING DEFENDANTS' MOTION FOR
JUDGMENT ON THE PLEADINGS (DOC. #6); OVERRULING
PLAINTIFFS' MOTION TO AMEND COMPLAINT (DOC. #11);
JUDGMENT TO ENTER IN FAVOR OF DEFENDANTS AND AGAINST
PLAINTIFFS; TERMINATION ENTRY

---

Plaintiff Zachery Sorah and his mother, Brandy Sorah, filed suit against Tipp

City Exempted Village School District Board of Education and its Superintendent,

Gretta Kumpf, Ph.D., seeking damages and injunctive relief under Title II of the

Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12131 *et seq.,* and

§ 504 of the Rehabilitation Act of 1973 ("§ 504), 29 U.S.C. § 794 *et seq.*

This matter is currently before the Court on Defendants' Motion for

Judgment on the Pleadings, Doc. #6, and on Plaintiffs' Motion to Amend

Complaint, Doc. #11. For the reasons set forth below, the Court sustains the

Motion for Judgment on the Pleadings and overrules the Motion to Amend

Complaint.

## I. Background and Procedural History

Zachery Sorah is a disabled young adult who graduated from Tipp City Exempted Village School District in 2017. He has been diagnosed with a speech impediment, auditory processing disorder, attention deficit disorder and poor socialization skills. While he was a student, his disabilities were addressed under an Individual Education Plan ("IEP") and a Section 504 Plan.

This lawsuit arises out of events that took place during Zachery's last semester of his senior year of high school. On January 11, 2017, he was given a 3-day in-school suspension after tobacco and a vape pen were found in his car on school property. Three months later, on April 20, 2017, he was given a 10-day out-of-school suspension with a recommended 80-day expulsion after a wooden pipe, rolling papers and empty tobacco wrappers were found in his car on school property.

The expulsion hearing, conducted by Superintendent, Dr. Gretta Kumpf, and Principal, Steve Verhoff, was held on April 27, 2017. According to Plaintiffs, although Brandy reminded them of Zachery's disabilities, there was no discussion at that hearing of whether Zachery's behavior might be related to his disabilities, *i.e.*, a "manifestation determination." The following day, Dr. Kumpf agreed to hold the 80-day expulsion in abeyance if Zachery complied with certain conditions upon his return to school.

Plaintiffs allege that, when Zachery returned to school on May 4, 2017, his schedule was reduced from seven periods to four periods. His classwork was self-

taught on the computer and he had to manage his own classes with little direction or guidance from his teachers. The teachers assigned to his room were often unfamiliar with the subject matter assigned to him. Contrary to his IEP and Section 504 Plan, he was not given visual supports or frequent checks of his comprehension of the subject matter. In addition, he was escorted everywhere he went in the school building, forbidden to socialize with other students and forced to leave school to eat his lunch. He was also barred from attending the Senior Prom, the Senior Father Luncheon, the Senior Awards Ceremony, Senior Picnic, the Senior Sports Awards Ceremony, and varsity baseball games.

Zachery graduated from high school in late May of 2017. In April of 2019, he and his mother, Brandy, filed suit against the Tipp City Exempted Village School Board of Education and against Dr. Kumpf, alleging violations of Title II of the ADA and § 504 of the Rehabilitation Act. Doc. #1. They allege that "[a]s a result of Defendants' discriminatory and retaliatory actions, Zachery suffered a compromise in his education." *Id.* at PageID#6. They also allege that Zachery was punished more harshly than a non-disabled student who engaged in unlawful behavior. *Id.* at PageID#5.

Defendants have filed a Motion for Judgment on the Pleadings, Doc. #6. Along with their memorandum in opposition to that motion, Doc. #10, Plaintiffs filed a Motion to Amend Complaint, Doc. #11. The factual allegations in the proposed Amended Complaint are largely the same, but Plaintiffs seek leave to add a claim under 42 U.S.C. § 1983 for an alleged violation of their Fourteenth

Amendment rights, and to explicitly assert a claim for damages against Dr. Kumpf in her individual capacity. Both motions are fully briefed and ripe for decision.

## II.  Defendants' Motion for Judgment on the Pleadings (Doc. #6)

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity." 42 U.S.C. § 12132. Count I of the Complaint alleges that Defendants discriminated against Zachery on the basis of his disability by denying him full and equal enjoyment of educational services, and that Defendants punished him more harshly than a similarly-situated, non-disabled student, all in violation of Title II of the ADA. Doc. #1.

Section 504 of the Rehabilitation Act provides, in relevant part, that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). Count II of the Complaint alleges that Defendants violated § 504 by excluding Zachery from participation in their programs and activities, denying him the benefits of those programs and activities, and subjecting him to discrimination on the basis of his disability. It further alleges that Defendants engaged in retaliatory actions against Zachery and Brandy in

response to Brandy's objections to the manner in which Zachery was being treated.  Doc. #1.

Both the ADA and § 504 "authorize individuals to seek redress for violations of their substantive guarantees by bringing suits for injunctive relief or money damages." *Fry v. Napoleon Cmty. Schs.*, –U.S.–, 137 S. Ct. 743, 750 (2017). Here, Plaintiffs seek both.  They ask that "Defendants be enjoined from further unlawful conduct," and that "Plaintiffs be awarded compensatory damages, including those relating to emotional distress."  Doc. #1, PageID#8.

In their Motion for Judgment on the Pleadings, Defendants argue that: (1) Brandy Sorah lacks standing to pursue claims under the ADA and § 504; (2) Dr. Kumpf cannot be held individually liable under the ADA or § 504, and the claims brought against her in her official capacity are redundant; and (3) Zachery's ADA and § 504 claims against the school board are subject to dismissal because he failed to exhaust administrative remedies as required by the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(l).

### A.    Fed. R. Civ. P. 12(c)

Motions for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) are analyzed under the same standard as motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Warrior Sports, Inc. v. Nat'l Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010).  "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if

the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (internal citation and quotation marks omitted). However, the court need not accept as true legal conclusions or unwarranted factual inferences. *Id.* (citing *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)).

To withstand a Rule 12(c) motion for judgment on the pleadings, "a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, *i.e.*, more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A "legal conclusion couched as a factual allegation" need not be accepted as true, nor are recitations of the elements of a cause of action sufficient. *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

As Defendants note in their reply brief, Plaintiffs' Memorandum in Opposition to the Motion for Judgment on the Pleadings contains numerous additional factual allegations that are not contained in the Complaint. Because these additional allegations are matters outside the pleadings, the Court cannot consider them in ruling on Defendant's motion. *Johnson v. Metro. Gov't of*

6

*Nashville and Davidson Cty., Tenn.,* 502 F. App'x 523, 541-42 (6th Cir. 2012).

Moreover, Plaintiffs are not permitted to remedy pleading deficiencies through a

response brief. *See Montesi v. Nationwide Mut. Ins. Co.,* 970 F. Supp. 2d 784,

792 (W.D. Tenn. 2013); *Jocham v. Tuscola Cty.,* 239 F. Supp. 2d 714, 732 (E.D.

Mich. 2003). Accordingly, only the facts alleged in the Complaint will be

considered.

### B. Brandy Sorah's Standing

The first question is whether Brandy Sorah has standing to assert claims

under the ADA or § 504.[1] The ADA prohibits discrimination in the form of

retaliation "against any individual because such individual has opposed any act or

practice made unlawful by" the ADA. 42 U.S.C. § 12203(a). Likewise, it is

unlawful to retaliate against any person because such person has filed a complaint

or participated in a hearing under § 504. 29 C.F.R. § 33.13. Because the ADA

and § 504 have "a similar scope and aim," Brandy's retaliation claims may be

analyzed together. *A.C. ex rel. J.C. v. Shelby Cty. Bd. of Educ.,* 711 F.3d 687,

697 (6th Cir. 2013).

To establish a prima facie case of retaliation, Brandy must prove that she:

(1) engaged in activity protected under § 504 or the ADA; (2) Defendants knew of

the protected activity; (3) Defendants then took adverse action against her; and (4)

---

[1] As previously noted, Brandy's son, Zachery, is no longer a minor. Accordingly, she is not bringing these claims on his behalf, but rather is asserting her own separate claims.

7

there was a causal connection between the protected activity and the adverse action. *Id.* The burden would then shift to Defendants to prove that they had a legitimate, non-discriminatory basis for the adverse action. Brandy would then have to prove that the articulated reason was pretextual. *Id.*

It is undisputed that Brandy engaged in protected activity under § 504 and the ADA by advocating on Zachery's behalf, and that Defendants were aware of her protected activity. The Complaint includes a long list of adverse actions that Defendants allegedly took against *Zachery* following Brandy's complaints. It is, however, devoid of any allegations that Defendants took any adverse action directly against *her*. The Complaint alleges only that "[a]s a result of Defendants' discrimination and retaliation, Brandy was required to deal with her son's reactions to the treatment, including Zachery's repeated threats to drop out of high school, but also to miss significant time from work in order to attempt to advocate for her son." Doc. #1, PageID##6-7.

Defendants argue that these consequential damages, in the form of lost wages and emotional distress, are insufficient to confer standing on Brandy. The Court agrees. In *Burton v. Cleveland Heights—University Heights City School District Board of Education*, No. 1:17cv134, 2017 WL 4348915 (N.D. Ohio Sept. 29, 2017), the court held that a disabled student's mother lacked standing to pursue claims under § 504 and the ADA based on violations of her daughter's rights. The Complaint did not allege that the school district had discriminated against the mother or retaliated against her. Rather, it alleged only that she

"suffered consequential damages, including pain, suffering, and emotional distress as a result of Defendant's actions." *Id.* at *4. *See also R.S. by R.D.S. v. Butler Cty.*, 700 F. App'x 105, 109-110 (3d Cir. 2017) (holding that parents alleging emotional distress stemming from violations of their *child's* rights lacked standing to pursue their own claims under the ADA and § 504).

Given that Brandy Sorah has failed to allege that Defendants took any adverse action directly against her as a result of her advocacy, the Court concludes that she lacks standing to pursue claims under the ADA and § 504.

### C.    Dr. Kumpf's Individual Liability Under ADA and § 504

The Complaint does not specify whether Dr. Gretta Kumpf is sued in her official capacity as Superintendent of the Tipp City Exempted Village School District, in her individual capacity, or both.

Defendants argue that, to the extent that Dr. Kumpf is sued in her official capacity, the claims should be dismissed as redundant, given that her employer is also sued. *See Johnson v. Washington Cty. Career Ctr.*, No. 2:10-cv-076, 2010 WL 2570929, at *4 (S.D. Ohio June 22, 2010) ("Courts regularly dismiss as redundant claims against agents in their official capacities when the principal entity is also named as a defendant in the suit."). Plaintiffs do not dispute that the claims brought against Dr. Kumpf in her official capacity are redundant and subject to dismissal on that basis.

To the extent that Dr. Kumpf is sued in her individual capacity, Defendants argue that these claims must be dismissed because there is no individual liability

under either Title II of the ADA or § 504. *See Everson v. Leis*, 556 F.3d 484, 501 n.7 (6th Cir. 2009) ("Title II of the ADA does not . . . provide for suit against a public official acting in his individual capacity."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("neither the ADA nor the [Rehabilitation Act] impose[s] liability upon individuals."). Again, Plaintiffs impliedly concede that, as currently pled, these claims are subject to dismissal. They argue only that their *Amended* Complaint will set forth facts and laws showing that Kumpf is a proper Defendant. Doc. #10, PageID#54.

To the extent that Dr. Kumpf is sued in her official capacity, the Court dismisses without prejudice the claims against her as redundant. To the extent that she is sued in her individual capacity, the Court dismisses with prejudice the ADA and § 504 claims against her on the merits.

### D. Failure to Exhaust Administrative Remedies

This leaves only Zachery's ADA and § 504 claims against the school board. Defendants argue that these claims must be dismissed because Zachery failed to exhaust his administrative remedies prior to filing suit. Neither Title II of the ADA nor § 504 of the Rehabilitation Act contains an exhaustion requirement. Nevertheless, if the plaintiff is "seeking relief that is also available" under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, the plaintiff must exhaust the IDEA's administrative procedures "to the same extent as would be required had the action been brought under [the IDEA]." 20 U.S.C.

10

§ 1415(l). Therefore, the Court must first determine whether Zachery is "seeking relief that is also available" under the IDEA. If he is, then the Court must determine whether he has exhausted his administrative remedies to the same extent that would have been required had he filed suit under the IDEA.

## 1. Zachery is Seeking Relief Also Available Under the IDEA

The IDEA's "core guarantee" is a "free appropriate public education" ("FAPE") for all children with disabilities, tailored to their individual needs. *Fry v. Napoleon Cmty. Schs.*, —U.S.—, 137 S. Ct. 743, 748 (2017). This is typically accomplished through an individualized education program, or "IEP." Under the IDEA, parents may present a complaint "with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a [FAPE] to such child." 20 U.S.C. 1415(b)(6)(A). The filing of a complaint triggers initial meetings, followed by a due process hearing before an impartial hearing officer. The hearing officer's decision may be appealed to the state agency and then the courts. *Fry*, 137 S. Ct. at 749 (citing 20 U.S.C. § 1415)).

Zachery's Complaint does not explicitly allege that he was denied a "free appropriate public education." This, however, is not dispositive. The court must "look to the substance, or gravamen" of the complaint to determine whether it seeks relief for the denial of a FAPE. *Id.* at 753, 755. In making that determination, the court asks two hypothetical questions: (1) "could the plaintiff have brought essentially the same claim if the alleged conduct had occurred at a public facility that was *not* a school—say a public theater or library?"; and (2)

11

"could an *adult* at the school—say an employee or visitor—have pressed essentially the same grievance?" *Id.* at 756. If the answer to these questions is "no," then the complaint probably implicates the denial of a FAPE, "even if it does not explicitly say so." *Id.*[2]

Defendants argue that this analysis leads to the inevitable conclusion that Zachery is seeking relief for the denial of a FAPE. The Court agrees. As discussed above, Zachery alleges that, at the expulsion hearing, there was "no discussion regarding a manifestation determination or evaluation being conducted to determine whether Zachery's behavior was related to his disabilities." Doc. #1, PageID#3. As Defendants note, this is a clear reference to the IDEA, which establishes specific procedures governing alternative placement of students who have violated a code of student conduct. If school personnel seek a change in placement, including a suspension, of more than ten school days, the school must make a "manifestation determination" to consider "if the conduct in question was caused by, or had a direct and substantial relationship to, the child's disability." 20 U.S.C. § 1415(k)(1)(E)(i)(I).[3]

Zachery further alleges that when he returned to school on May 4, 2017, he: (1) was required to sit in a small room by himself for one period each day, with

---

[2]  Another factor to be considered is whether the plaintiff has "previously invoked the IDEA's formal procedures to handle the dispute." *Fry*, 137 S. Ct. at 757.

[3]  Given that Dr. Kumpf decided not to impose the recommended 80-day expulsion, and that Zachery's suspension lasted no more than 10 school days, it does not appear that the school had a duty to make a manifestation determination.

no teacher present; (2) had his schedule reduced from seven to four periods; (3) was forced to manage his own classes; (4) was given no direction or guidance; (5) had to teach himself on the computer, which was "confusing and difficult" for him; (6) was placed in a room with rotating teachers who were often unfamiliar with the subject matter that he was assigned; (7) was often abandoned by the teachers during the school day; (8) was subjected to numerous distractions and disruptions that interfered with the learning environment and exacerbated his ability to learn; and (9) was denied visual supports or frequent checks relating to his understanding of the subject matter in disregard of his § 504 and IEP plans. Doc. #1, PageID##4-5. In addition, Zachery alleges that he was barred from participating in numerous extra-curricular activities. *Id.* at PageID#5.

Zachery specifically alleges that "[a]s a result of Defendants' discriminatory and retaliatory actions, [he] suffered a compromise in his education." *Id.* at PageID#6. Returning to the hypothetical questions in the *Fry* analysis, it is clear that Zachery's ADA and § 504 claims could not have been brought if the alleged conduct occurred in a public facility other than a school. It is also clear that an adult employee or visitor to the school could not have pressed the same claims. These are claims that can only be brought by a student complaining that he was denied certain educational services to which he was entitled. The Court therefore rejects Plaintiffs' argument that the gravamen of the Complaint concerns "disability-based discrimination, not failure to provide a FAPE." Doc. #10, PageID#57.

## 2. Zachery is Required to Exhaust Administrative Remedies

Given that Zachery's Complaint implicates the denial of a FAPE, he must therefore exhaust the IDEA's administrative procedures "to the same extent as would be required" had he brought this action under the IDEA. 20 U.S.C. § 1415(l). It is undisputed that he made no effort to exhaust his administrative remedies.

In *S.E. v. Grant County Board of Education*, 554 F.3d 633 (6th Cir. 2008), the court held that "when a plaintiff has alleged injuries that could be redressed to any degree by the IDEA's administrative procedures and remedies, exhaustion of those remedies is required." *Id.* at 642 (quoting *Robb v. Bethel Sch. Dist. #403*, 308 F.3d 1047, 1048 (9th Cir. 2002)). A factual record, developed by "educational professionals through the administrative process," assists the court in making a reasoned decision concerning the merits of the plaintiff's claims. *Id.* at 643. *See also Frazier v. Fairhaven Sch. Comm.*, 276 F.3d 52, 61 (1st Cir. 2002) ("the administrative process facilitates the compilation of a fully developed record by a factfinder versed in the educational needs of disabled children—and that record is an invaluable resource for a state or federal court required to adjudicate a subsequent civil action covering the same terrain."); *Polera v. Bd. of Educ. of Newburgh Enlarged City Sch. Dist.*, 288 F.3d 478, 487 (2d Cir. 2002) ("[t]he IDEA's exhaustion requirement was intended to channel disputes related to the education of disabled children into an administrative process that could apply administrators' expertise in the area and promptly resolve grievances.").

14

Citing *F.H. ex rel. Hall v. Memphis City Schools*, 764 F.3d 638 (6th Cir. 2014), Zachery notes, however, that "[e]xhaustion is not required if it would be futile or inadequate to protect the plaintiff's rights." *Id.* at 644 (quoting *Covington v. Knox Cty. Sch. Sys.*, 205 F.3d 912, 917 (6th Cir. 2000)). Whether exhaustion is required is a question of law. *Hoeft v. Tucson Unified Sch. Dist.*, 967 F.2d 1298, 1303 (9th Cir. 1992). Zachery bears the burden of proving that it would be futile or inadequate to require exhaustion of administrative remedies. *Gean v. Hattaway*, 330 F.3d 758, 773 (6th Cir. 2003).

Here, Zachery argues that exhaustion would be futile or inadequate because: (1) he has already graduated from high school; and (2) compensatory damages, which he maintains is the only remedy that will make him whole, cannot be awarded by an IDEA hearing officer. *See Crocker v. Tennessee Sec. Sch. Athl. Ass'n*, 980 F.2d 382, 386 (6th Cir. 1992) (noting that, under the IDEA's predecessor statute, monetary damages may be awarded as restitution for educational expenses but "general damages for emotional injury or injury to a dignitary interest" are not available).

In *Fry*, the Supreme Court expressly left open the question of whether exhaustion would be required when the plaintiff complains about the denial of a FAPE but seeks a remedy, such as money damages for emotional distress, that an IDEA hearing officer is not authorized to award. 137 S. Ct. at 752 n.4. Nevertheless, other courts have addressed this issue. The Fifth Circuit recently noted that most circuits have held that "the IDEA requires plaintiffs who were

15

denied a free appropriate public education to exhaust regardless of the remedy they seek." *McMillen v. New Caney Indep. Sch. Dist.*, 939 F.3d 640, 647 (5th Cir. 2019) (collecting cases). Likewise, in *Frazier*, the First Circuit held that "[e]xhaustion is beneficial regardless of whether the administrative process offers the specific form of remediation sought by a particular plaintiff." 276 F.3d at 61.

The Sixth Circuit generally requires exhaustion even if the plaintiff is seeking compensatory damages that a hearing officer could not award. It has, however, recognized certain exceptions. In *Covington v. Knox County School System,* 205 F.3d 912 (6th Cir.), *amended on denial of reh'g* (May 2, 2000), disabled student Jason Covington's parents filed suit under 42 U.S.C. § 1983, alleging that the school district violated Jason's constitutional rights by repeatedly locking him in a time-out room as a form of discipline. They argued that, because they were seeking compensatory damages, which were not available under the IDEA, it would be futile to require them to exhaust administrative remedies. The Sixth Circuit agreed with other circuits that, standing alone, the nature of the remedy sought, *i.e.,* money damages, did not excuse the failure to exhaust the administrative process. *Id.* at 916. Otherwise, a plaintiff could "circumvent the IDEA's elaborate scheme simply by appending a claim for damages[.]" *Id.* at 917.[4]

---

[4] *See also P.G. v. Rutherford Cty. Bd. of Educ.*, 313 F. Supp. 3d 891, 905-06 (M.D. Tenn. 2018) (holding that "Sixth Circuit precedent requires that the plaintiffs exhaust their administrative remedies and build a record even if the plaintiff seeks certain relief, like money damages, that is unavailable in an IDEA administrative proceeding.").

Nevertheless, the Sixth Circuit concluded that Covington's case warranted an exception to this general rule.

> Although we agree with those courts that have decided that a mere claim for money damages is not sufficient to render exhaustion of administrative remedies unnecessary, we hold that in the unique circumstances of this case—in which the injured child has already graduated from the special education school, his injuries are wholly in the past, and therefore money damages are the only remedy that can make him whole—proceeding through the state's administrative process would be futile and is not required before the plaintiff can file suit in federal court.

*Id.* In *Gean*, the Sixth Circuit later clarified that the holding in *Covington* "was based not upon the fact that the plaintiff sought monetary damages, but on the fact that the IDEA did not provide a remedy for the type of harm allegedly suffered by plaintiff, which was more in the nature of a tort than a violation of a federal entitlement scheme." 330 F.3d at 774.

Again, in *F.H. ex rel. Hall v. Memphis City Schools*, 764 F.3d 638 (6th Cir. 2014), the court held that exhaustion would be futile for a disabled student who sought compensatory damages for physical, sexual and verbal abuse inflicted on him by aides at his school. As in *Covington*, F.H. had already graduated from high school and was seeking compensatory damages for "non-educational" injuries that could not be remedied through the administrative process. *Id.* at 644.

Zachery argues that his case in akin to *Covington* and *Hall* in that: (1) he has already graduated; and (2) compensatory damages, which cannot be awarded by an IDEA hearing officer, are the only remedy that will make him whole. He notes that, in this lawsuit, he is not seeking either compensatory education or tuition

reimbursement.[5] He therefore argues that exhaustion would be futile or inadequate to protect his rights.

The Court finds that Zachery's case is factually distinguishable from *Covington* and *Hall* in one important aspect. The plaintiffs in *Covington* and *Hall* complained of physical and/or sexual abuse at school, giving rise to tort-like claims that were redressable only by compensatory damages. In contrast, Zachery's alleged injuries are almost entirely *educational* in nature, predicated on the denial of a FAPE. The thrust of his claims is that, as a result of the discipline imposed by Defendants, he was deprived of educational services and excluded from participation in extracurricular activities on the basis of his disability. Although he also alleges emotional distress and loss of dignity, the injuries at issue stem from Defendants' alleged failure to provide a FAPE. Under the circumstances presented here, neither Zachery's graduation nor the fact that he is seeking compensatory damages excuses him from exhausting administrative remedies under the IDEA.

Notably, the IDEA requires states to provide a FAPE to disabled students through their twenty-first birthday, even if they have been suspended or expelled from school. 20 U.S.C. § 1412(a)(1)(A). Accordingly, even though the educational injuries complained of occurred during Zachery's last month of high school, they could have been redressed through the IDEA's administrative

---

[5] Zachery's statement—that he seeks *only* compensatory damages—is belied by the Complaint which also demands that "Defendants be enjoined from further unlawful conduct" and that "Plaintiff[] be awarded all other legal and equitable relief to which he may be entitled." Doc. #1, PageID#8.

procedures and remedies. *See Ruecker v. Sommer*, 567 F. Supp. 2d 1276, 1292 (D. Ore. 2008) (holding that exhaustion of administrative processes was not futile because "a compensatory education was an available administrative remedy and remained a viable option even after Ruecker's graduation."); *Reid ex rel. Reid v. Dist. of Columbia*, 401 F.3d 516, 522 (D.C. Cir. 2005) (explaining that compensatory education awards may be awarded "to compensate for a past deficient program," and such awards are appropriate even beyond age twenty-one).

In *Ferren C. v. School District of Philadelphia*, 612 F.3d 712 (3d Cir. 2010), the court upheld the district court's award of compensatory education that extended three years beyond plaintiff's twenty-first birthday. It noted that "monetary awards cannot fully compensate a student for a school district's past failures." Accordingly, "[i]f an individual was deprived of his or her right to an adequate FAPE . . . prior to the age of twenty-one, it follows that the student could only be fully compensated by an award of compensatory education that contains the elements of a FAPE that she was previously denied." *Id.* at 720.

Here, Zachery did nothing to exhaust the administrative remedies that were available to him at the time of the alleged injury. Instead, he waited almost two years after graduation and then filed suit seeking money damages for the alleged violations of the ADA and § 504. But, as Defendants correctly note, Zachery's *preferred* damages do not necessarily establish futility.

Several cases are instructive in this regard. *Polera v. Board of Education of Newburgh Enlarged City School District*, 288 F.3d 478 (2d Cir. 2002) is almost directly on point. There, the plaintiff sued during her senior year of high school, alleging violations of the ADA and § 504 and seeking compensatory damages. The Second Circuit found that the district court lacked jurisdiction over the claims because the plaintiff had failed to exhaust her administrative remedies. It rejected the district court's finding that exhaustion would have been futile.

The Second Circuit held that "[w]here, as here, a full remedy is available at the time of injury, a disabled student claiming deficiencies in his or her education may not ignore the administrative process, then later sue for damages." *Id.* at 488. The court rejected the plaintiff's reliance on the Sixth Circuit's decision in *Covington*, noting that, because of the nature of Covington's claims, "damages would have been the only adequate remedy even had he sought immediate relief at the time of the wrongdoing. Nothing could 'undo' the harm that he had suffered." *Id.* at 490. The Second Circuit held that, "[i]n contrast, had Polera pursued administrative procedures at the time of the alleged wrongdoing, she could have obtained the materials she needed and, perhaps, remedial tutoring or schedule adjustments to undo the effects of the wrong. For Polera, unlike the plaintiff in *Covington,* a fully effective remedy was available at the time; she simply chose not to pursue it." *Id.*

The Second Circuit concluded as follows:

> disabled-student plaintiffs, like Polera, should not be permitted to "sit on" live claims and spurn the administrative process that could provide the educational services they seek, then later sue for damages. Were we to condone such conduct, we would frustrate the IDEA's carefully crafted process for the prompt resolution of grievances through interaction between parents of disabled children and the agencies responsible for educating those children. The fact that the administrative process could not provide damages does not render Polera's claim futile; she could have obtained complete relief at the time, through changes to her IEPs, additional educational services, and, if necessary, remedial education.

*Id. See also Muskrat v. Deer Creek Pub. Schs.*, 715 F.3d 775, 785-86 (10th Cir. 2013) ("A plaintiff may not wait to bring IDEA-redressable claims until, for example, the child graduates or leaves the school district—thus leaving nothing but damages to adjudicate."); *Cudjoe v. Indep. Sch. Dist. No. 12*, 297 F.3d 1058, 1067 (10th Cir. 2002) ("we reject the argument that exhaustion will be excused because relief is no longer 'available' at the time the plaintiff seeks to file a civil suit if relief was available at the time the alleged injuries occurred.").

Likewise, in *Frazier*, the First Circuit rejected plaintiff's claim that graduation should excuse the exhaustion requirement. It noted that "even after graduation, compensatory education is an available remedy." 276 F.3d at 63. Moreover, "the entire matter of timing is largely within a plaintiff's control." *Id.* A plaintiff cannot evade the exhaustion requirement by holding onto the claim until graduation and then filing suit seeking money damages. *Id. See also Ripple v. Marble Falls Indep. Sch. Dist.*, 99 F. Supp. 3d 662, 688 (W.D. Tex. 2015) (noting that the majority of circuits have held that "plaintiffs cannot sidestep the exhaustion requirements by

seeking non-IDEA relief after the plaintiff has graduated, where IDEA relief could have remedied the injury while the plaintiff was in school.").

Here, Zachery Sorah seeks relief for *educational* injuries.  He has failed to show that relief was not available to him through the IDEA at the time of his injury. Although he was just weeks away from graduating, he could have requested a hearing and the hearing officer would have had the authority to order compensatory education to remedy the alleged denial of a FAPE.  Zachery cannot "sit on" his live claims, wait two years and then seek compensatory damages.

Under the circumstances presented here, he was required to exhaust administrative remedies that were available under the IDEA.  On this basis, the Court SUSTAINS Defendants' Motion to Dismiss the ADA and § 504 claims against the school board.[6]  Said claims are DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies.

III.    **Plaintiffs' Motion to Amend Complaint (Doc. #11)**

Plaintiffs seek leave to file an Amended Complaint to include a cause of action under 42 U.S.C. § 1983 against the school board and against Dr. Kumpf in her individual capacity.  Doc. #11.  Section 1983 imposes liability on persons who, while acting under color of state law, deprive a citizen of rights secured by the Constitution or laws of the United States.

---

[6]  Although this may seem like a harsh result, it is one that is compelled by law.

As previously noted, the factual allegations in the proposed Amended Complaint remain largely the same. Plaintiffs now allege, however, that Defendants violated Zachery's Fourteenth Amendment rights when they "engaged in an unconstitutional policy or custom of failing to [sic] the laws of the United States and the State of Ohio by failing to adequately address the needs of a disabled student" and "ignored or refused to take appropriate action in response to concerns about the unlawful treatment and abuse of Zachary Sorah . . . despite notice repeatedly given to administrators, including the Superintendent." Doc. #11-1, PageID#68.

### A.    Fed. R. Civ. P. 15(a)(2)

Federal Rule of Civil Procedure 15(a)(2) provides that the court should freely give leave to amend a pleading "when justice so requires." However, leave need not be given if there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment" or if the proposed amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). A proposed amendment is futile if it would not survive a Rule 12(b)(6) motion to dismiss. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010).

## B.   Futility of Amendment

Defendants argue that Plaintiffs' proposed amendment would be futile because: (1) Brandy Sorah lacks standing to pursue claims under the ADA, § 504, and § 1983; (2) Dr. Kumpf cannot be held individually liable under the ADA or § 504; and (3) given that the factual allegations implicate the denial of a FAPE, Zachery was required to exhaust his administrative remedies under the IDEA and failed to do so.

The Court has already explained why Brandy Sorah lacks standing to pursue her own claims under the ADA and § 504.  For similar reasons, she also lacks standing to pursue claims under § 1983. *See Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000) (holding that § 1983 claims are "entirely personal to the direct victim of the alleged constitutional tort" and are not available to the victim's family members who may suffer emotional distress or other "consequent collateral injuries").  Likewise, the Court has already explained why the ADA and § 504 claims brought against Dr. Kumpf in her individual capacity are not viable, and why Zachery was required to exhaust his administrative remedies prior to filing such claims against the school board.

To the extent that Zachery now seeks leave to add § 1983 claims against Dr. Kumpf and the school board, the proposed amendment would be futile. Plaintiffs correctly note that Dr. Kumpf may be held individually liable under

§ 1983 if she directly participated in the alleged constitutional violations. Nevertheless, the Court cannot reach the merits of that claim because Zachery failed to exhaust his administrative remedies under the IDEA.

Given that the § 1983 claims are based on the same factual allegations as the ADA and § 504 claims—which the Court has held implicate the denial of a FAPE—the § 1983 claims are subject to the same exhaustion requirement. *See, e.g., Gean*, 330 F.3d at 774 (holding that plaintiffs must exhaust administrative remedies prior to filing § 1983 due process claim); *Ruecker*, 567 F. Supp. 2d at 1294 (holding that persons alleging constitutional injuries must exhaust administrative remedies "if they seek relief that also is available under the IDEA."); *Frazier*, 276 F.3d at 63 (holding that allowing a plaintiff to pursue a § 1983 claim without exhausting administrative remedies under the IDEA "would allow a plaintiff to bypass the administrative procedures merely by crafting her complaint to seek relief that educational authorities are powerless to grant."); *McMillen*, 939 F.3d at 648 (dismissing § 1983 claim and § 504 claim for failure to exhaust administrative remedies). For the reasons previously discussed, the Court rejects Plaintiffs' argument that exhaustion is not required.

Accordingly, the Court OVERRULES WITHOUT PREJUDICE Plaintiffs' Motion to Amend Complaint, Doc. #11.

## IV.  Conclusion

For the reasons set forth above, the Court SUSTAINS Defendants' Motion for Judgment on the Pleadings, Doc. #6.  Plaintiff Brandy Sorah's claims are DISMISSED WITH PREJUDICE, as are Plaintiff Zachery Sorah's ADA and § 504 claims against Dr. Kumpf in her individual capacity.  The ADA and § 504 claims brought against Dr. Kumpf in her official capacity are DISMISSED WITHOUT PREJUDICE as redundant.  Zachery Sorah's ADA and § 504 claims against the School Board are DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies.

The Court OVERRULES Plaintiffs' Motion to Amend Complaint, Doc. #11, given that the proposed amendment would be futile.

Judgment shall be entered in favor of Defendants and against Plaintiffs.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.


Date: March 16, 2020

WALTER H. RICE
UNITED STATES DISTRICT JUDGE